



'09 CIV

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

MACSTEEL INTERNATIONAL FAR EAST
LIMITED,

                          Plaintiff,                09 CV 7575 (DC)

-v-

                                              **VERIFIED COMPLAINT**

JIANGSU FEIDA FOREIGN TRADE CO., LTD

                          Defendant.
-------------------------------------------------------------------x

      Plaintiff, MACSTEEL INTERNATIONAL FAR EAST LIMITED (hereinafter "MIFE"),

by its attorneys, CHALOS & CO, P.C., as and for their Verified Complaint against Defendant

JIANGSU FEIDA FOREIGN TRADE CO. LTD (hereinafter "FEIDA"), alleges upon

information and belief as follows:

## JURISDICTION

      1.      The Court has subject matter jurisdiction by virtue that the underlying claim

herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules

of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28

U.S.C. § 1333.

## THE PARTIES

      2.      At all times material hereto, Plaintiff, MIFE, was and still is a foreign business

entity.

      3.      At all times material hereto, Defendant, FEIDA, was and still is a foreign business

entity duly organized and existing pursuant to the laws of the People's Republic of China, with a

principal place of business at: Freida Industry Zone, Houxiang Tower, Danyang City 212312,

Jiansu Province, China.

<u>FACTS AND CLAIM</u>

4.      On or about August 6, 2008, MIFE and FEIDA entered into an agreement,
whereby FEIDA was to supply a cargo of 7,900,000 MT (+/- 5%) of Prime Hot Rolled Plate Hot
Blasted and Primed Steel, which was to be shipped from China to Columbia, on the M/V BAO
AN CHENG.

5.      This agreement is a maritime contract.

6.      On or about October 9, 2008, loading of the cargo was commenced in China.

7.      The M/V BAO AN CHENG carrying the consignment of steel arrived at
Buenaventura, Columbia, on or about November 27, 2008.

8.      Thereafter, Plaintiff MIFE was notified that the steel did not conform to the
contractual specifications, and was suffering from multiple alleged deficiencies.

9.      FEIDA, in breach of the agreement, failed to provide a cargo that was in good
order and condition and improperly loaded a cargo that it knew, or should have known did not
comply with the agreed upon specifications.

10.     Despite repeated demands by Plaintiff to Defendant, Defendant has failed,
neglected, and/or wrongfully refused to pay for the damaged steel.

11.     As a result of Defendant's failure to fulfill its obligations in accordance with the
parties' agreement, and despite Plaintiff's good faith efforts to mitigate its losses, MIFE has
sustained cargo damages and losses in the amount presently estimated to be USD 2,100,000.00.

12.     Pursuant to the terms of the charter party agreement, all disputes arising there
under are to be submitted to Hong Kong arbitration, with Hong Kong law to apply.  Plaintiff
commenced arbitration proceedings on August 18, 2009 through the proposed appointment of
Mr. Phillip Yang as the sole arbitrator.

13.     This action is brought in order to obtain security for Plaintiff's claims in aid of the arbitration proceedings.

14.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party under Hong Kong Law.

15.     As best as can now be estimated, the Plaintiff, MIFE expects to recover the following amounts in Hong Kong Arbitration from Defendant FEIDA:

| | | |
|---|---|---|
| A. | Principal claim: | $ 2,100,000.00 |
| B. | Estimated interest on Principal claim:<br>3 years at 7.5%, compounded quarterly | $ 524,404.39 |
| C. | Estimated attorneys' and legal fees: | $ 100,000.00 |
| D. | Estimated arbitration and court costs: | $ 100,000.00 |
| | **Total Claim:** | **$ 2,824,404.39** |

16.     Therefore, MIFE's total claim for breach of the maritime contract against Defendant FEIDA is in the aggregate USD $2,824,404.39.

BASIS FOR ATTACHMENT

17.     Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendant within this District held by various parties, as garnishees, including but not limited to electronic fund transfers.

18.    Defendant is continuously engaged in international shipping and conduct business in U.S. Dollars. Nearly all companies engaged in the international shipping industry transact business in U.S. Dollars and therefore regularly have assets in New York City. Dollars are the *lingua franca* of international commerce.

19.    All international U.S. dollar transfers are processed by intermediary banks in the United States, mainly in New York City. The Clearing House Interbank Payment System represents that it processes 95% of those transfers.

20.    Plaintiff believes that some of these assets of Defendant, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendant and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including: ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, and Wells Fargo Bank.

WHEREFORE, Plaintiff prays:

A.      That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Amended Verified Complaint;

B.      That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos (*attached hereto as Exhibit 1*), and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount of USD $2,824,404.39 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.      That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
        August 31, 2009

                                        CHALOS & CO, P.C.
                                        Attorneys for Plaintiff
                                        MACSTEEL INTERNATIONAL FAR EAST
                                        LIMITED,

                        By:     _____
                                        George M. Chalos (GC-8693)
                                        123 South Street
                                        Oyster Bay, New York 11771
                                        Tel: (516) 714-4300
                                        Fax: (516) 750-9051
                                        Email: gmc@chaloslaw.com

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

MACSTEEL INTERNATIONAL FAR EAST
LIMITED,

                                Plaintiff,            09 CV

-v-

JIANGSU FEIDA FOREIGN TRADE CO., LTD.    **ATTORNEY'S DECLARATION THAT DEFENDANT CANNOT BE FOUND IN THE DISTRICT**

                               Defendant.

-------------------------------------------------------------------x

      This declaration is executed by **George M. Chalos, Esq.**, counsel for the Plaintiff,

MACSTEEL INTERNATIONAL FAR EAST LIMITED, in order to secure the issuance of a

Summons and Process of Maritime Attachment and Garnishment in the above-entitled, in

personam, Admiralty cause.

      Pursuant to 28 U.S.C. §1746, **George M. Chalos, Esq.**, declares under the penalty of

perjury:

      I am a Member of the firm of CHALOS & CO, P.C., attorneys for Plaintiff in the above

referenced matter.

      I am familiar with the circumstances of the Verified Complaint, and I submit this

declaration in support of Plaintiff's request for the issuance of Process of Maritime Attachment

and Garnishment of the property of the defendant, JIANGSU FEIDA FOREIGN TRADE CO.,

LTD., pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims

of the Federal Rules of Civil Procedure.

      I have personally inquired or have directed inquiries into the presence of the defendant in

this District.

Chalos & Co. Ref: 2097.006

I have personally checked with the office of the Secretary of State of the State of New York, using the Secretary of State's Division of Corporations database, and I have determined that, as of August 31, 2009, the defendant is not incorporated pursuant to the laws of New York, and have not nominated any agent for the service of process within the Southern District of New York.

I have inquired of Verizon Telephone Company whether the defendant can be located within this District. The Verizon Telephone Company has advised me that the defendant does not have any telephone number listings within this District.

I have further consulted with several other telephone directories on the internet, and I have found no separate telephone listings or addresses for the defendant within this District.

I have engaged in a Google search as to whether the defendant can be located within this District. The Google search results did not provide any information that defendant is found in this District.

I am unaware of any general or managing agent(s) within this District for the defendant.

In that I have been able to determine that the defendant has not appointed an agent for service of process within the Southern District of New York and that I have found no indication that the defendant can be found within this District for the purposes of Rule B, I have formed a good faith belief that the defendant does not have sufficient contacts or business activities within this District and does not have any offices or agents within this District to defeat maritime attachment under Rule B of the Supplemental Rules for Admiralty and Maritime Claims as set forth in the Federal Rules of Civil Procedure.

It is my belief, based upon my own investigation that the defendant, JIANGSU FEIDA FOREIGN TRADE CO., LTD., cannot be found within this District for the purposes of Rule B

of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of

Civil Procedure.


Dated: Oyster Bay, New York
         August 31, 2009

                                                    CHALOS & CO, P.C.
                                                    Attorneys for Plaintiff
                                                    MACSTEEL INTERNATIONAL FAR EAST
                                                    LIMITED,

                                  By:    _____
                                                    George M. Chalos (GC-8693)
                                                    123 South Street
                                                    Oyster Bay, New York 11771
                                                    Tel: (516) 714-4300
                                                    Fax: (866) 702-4577
                                                    Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MACSTEEL INTERNATIONAL FAR EAST
LIMITED,

        Plaintiff,    09 CV

-v-
               **VERIFICATION OF**
JIANGSU FEIDA FOREIGN TRADE CO., LTD., **COMPLAINT**

        Defendant.
-----------------------------------------------------------------x

   Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

  1. I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, MACSTEEL INTERNATIONAL FAR EAST LIMITED, herein;

  2. I have read the foregoing Verified Complaint and know the contents thereof; and

  3. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

  4. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

  I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
   August 31, 2009

          CHALOS & CO, P.C.
          Attorneys for Plaintiff
          MACSTEEL INTERNATIONAL FAR EAST
          LIMITED,

     By: _____
          George M. Chalos (GC-8693)
          123 South Street
          Oyster Bay, New York 11771
          Tel: (516) 714-4300
          Fax: (866) 702-4577
          Email: gmc@chaloslaw.com

Chalos & Co. Ref: 2097.006